UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL VELASCO,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

                                   /

Case No. 14-12450

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 26, 2016 REPORT AND RECOMMENDATION [21], GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE CASE BACK TO THE COMMISSIONER OF SOCIAL SECURITY**

    This matter came before the Court on the Magistrate Judge's February 26, 2016 report and recommendation. (Docket no. 21.) The Magistrate Judge recommended that the Court grant Plaintiff's motion for summary judgment and deny Defendant's motion for summary judgment. Neither party has filed objections. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 09-10933, 2012 WL 3639070, at *1 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)). The Court nevertheless agrees with the Magistrate Judge's recommendation.[1]

---

[1] The Magistrate Judge recommended that on remand, the ALJ consider new evidence post-dating the ALJ's hearing, chiefly, records relating to a commitment to White Pine Mental Health Center from November 30 to December 4, 2013, and two visits with Saginaw County Community Mental Health Authority. (Tr. 984-95.) This evidence was not before the ALJ and was not in existence prior to the November 22, 2013 date of the ALJ's decision. (Tr. 36.) The "court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence."

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation except as set forth herein, and therefore GRANTS in part Plaintiff's motion for summary judgment, DENIES Defendant's motion for summary judgment, and REMANDS the case back to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 25, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 25, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

---

*Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court may still remand the case to the ALJ to consider this additional evidence but only upon a showing that the evidence is new and material and "that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). This is referred to as a "sentence six remand" under 42 U.S.C. § 405(g). *See Delgado v. Comm'r of Soc. Sec.*, 30 Fed. Appx. 542, 549 (6th Cir. 2002). While the Magistrate Judge has recommended remand under sentence four including consideration of the new evidence, the Court notes that sentence six applies to a remand to consider this new evidence.